Brassard, J.
This case is an action by Martin C. Segel (“Segel”) against Shaw’s Supermarket, Inc. (“Shaw’s”) to recover the value of certain tax abatement services which Segel maintains he provided to Shaw’s prior to the termination of an agreement between the parties as to such services. Segel originally performed the tax abatement services for Shaw’s with the assistance of counsel (“prior counsel”) retained by Segel at his expense to represent Shaw’s in connection with the tax abatement proceedings. When prior counsel was suspended from practice, Segel retained Bowditch & Dewey to perform the tax abatement work for Shaw’s. Bowditch & Dewey had had a prior relationship with Shaw’s. One of the lawyers at Bowditch & Dewey also represented prior counsel in connection with the Supreme Judicial Court suspension proceedings. In transferring the matters from prior counsel to Bowditch & Dewey, Segel and prior counsel met with lawyers at Bowditch & Dewey. At some point relatively soon after the transfer from prior counsel to Bowditch & Dewey, the principal attorney at Bowditch & Dewey who was handling the Shaw’s tax abatement matters took ill, and thereafter the legal representation of Shaw’s as to these matters was placed in the hands of Boston counsel. When Segel brought this claim against Shaw’s, Shaw’s retained Bowditch & Dewey to defend against the claim.
In this motion, Segel seeks authority to depose lawyers now or formerly associated with Bowditch & Dewey, and Segel also seeks an order of disqualification. Segel essentially maintains that Bowditch & Dewey is representing differing interests in violation of Disciplinary Rule 5-105. Segel maintains that, in transferring the matters from prior counsel to Bowditch & Dewey, Segel made Bowditch & Dewey aware of what is now in effect the basis for Segel’s complaint against Shaw’s.
The Court finds resolution of this matter difficult. On the one hand, Segel has pursued the disqualification of Bowditch & Dewey on what can only be described as an intermittent basis. This case was filed in the spring of 1993, and aformal motion to disqualify was not filed until December 1995. Segel had, however, indicated to Shaw’s and its counsel on a number of occasions his belief that representation of Shaw’s by Bowditch & Dewey was inappropriate. On the other hand, the Court concludes that there is a real conflict.
Shaw’s is of course entitled to counsel of its own choosing, and the Court is mindful of the financial burden which would be placed upon Shaw’s to obtain new counsel. The Court is also well aware that a disqualification motion can be used as a device to obtain a tactical advantage.
Bowditch & Dewey is representing Shaw’s in connection with a claim for services provided by Segel, the person who retained Bowditch & Dewey to represent Shaw’s, at his own expense, with respect to those services . If Segel was not Bowditch & Dewey’s client, he was in a position comparable to that of an insurer who retains a lawyer to represent its insured at its expense. It is clear that it would be inappropriate for counsel for the insured to represent the insured with respect to a dispute between the insurer and the insured. After considering the matter carefully, the Court concludes that the conflict is sufficiently serious to warrant disqualification of Bowditch & Dewey. At a minimum, there is the appearance that in representing Shaw’s, Bowditch & Dewey may be able to make use of information it obtained from Segel and prior counsel. See In the matter of the Discipline of Two Attorneys, 421 Mass. 619 (1996).
Accordingly, the Court concludes that Bowditch & Dewey is disqualified from further representation of Shaw’s in connection with this case. The requested depositions may go forward, but only after April 15, so that Shaw’s may have adequate time to obtain substitute counsel.